UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER                           CIVIL ACTION

VERSUS                                             NUMBER: 07-1408

RODNEY STRAIN, ET AL.                              SECTION: "R"(5)

                    **REPORT AND RECOMMENDATION**

   This 42 U.S.C. §1983 proceeding was filed in forma pauperis pursuant to 28 U.S.C. §1915 by pro se plaintiff, Christopher Buckenberger, against St. Tammany Parish Sheriff Rodney Strain, St. Tammany Parish Jail Warden Marlin Peachey, and St. Tammany Parish Jail Assistant Warden Greg Longino. While Buckenberger is presently incarcerated in Hunt Correctional Center, the instant action does not concern his present incarceration.  Instead, it concerns incident(s) occurring during his confinement in the St. Tammany Parish Jail.

   As Buckenberger explained during a July 9, 2007 preliminary conference, the gravamen of his civil rights complaint is that he was the subject of death threats while incarcerated in the St. Tammany Parish Jail.  These death threats arose because fellow

inmate, Richard Tisdale, mistakenly believed that Buckenberger had implicated him in connection with an investigation pertaining to Tisdale's alleged threats to a nurse at the St. Tammany Parish Jail. Buckenberger advised that Tisdale threatened to kill him, though he admitted that Tisdale never actually injured him nor had any other inmate, at Tisdale's behest, physically injured him. Additionally, Buckenberger admitted that he never identified Tisdale by name to any of the defendants or to any ranking official at the St. Tammany Parish Jail in connection with a request for protection.

As noted above, Buckenberger has instituted suit herein <u>in forma pauperis</u>. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. §1983. A plaintiff must prove both the constitutional violation and that the action was

taken under color of state law. <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978); <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 333 (5th Cir. 1984) (<u>quoting</u> <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)).

A state actor may be liable under §1983 in his individual capacity only if the plaintiff can establish that he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." <u>Douthit v. Jones</u>, 641 F.2d 345, 346 (5th Cir. 1981); <u>see also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir. 1980). Supervisory officials, such as Sheriff Strain, Warden Peachey, and Assistant Warden Longino, cannot be held liable pursuant to §1983 under any theory of <u>respondeat superior</u> simply because an employee or subordinate allegedly violated Buckenberger's constitutional rights. <u>See</u> <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205 (5th Cir. 1979). In the instant matter, there is nothing to suggest that Sheriff Strain, Warden Peachey, or Assistant Warden Longino were personally involved with or played a

role in the alleged action or inaction giving rise to the instant matter.

Additionally, 42 U.S.C. §1997e(e) provides that "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Buckenberger cannot meet the "physical injury" requirement for a cognizable claim, having candidly acknowledged, at the July 9, 2007 preliminary hearing, that he suffered no physical injury at the hands of inmate Tisdale or any other St. Tammany Parish Jail inmate.  Instead, he alleged only that he was fearful, during his incarceration in the St. Tammany Parish Jail, of being physically attacked.  However, feelings of fear and anxiety do not qualify as physical injuries under §1997e(e).  <u>Herman v. Holiday</u>, 238 F.3d 660, 665-66 (5th Cir. 2001).

### RECOMMENDATION

It is hereby **RECOMMENDED** that the instant Section 1983 action be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  5th   day of September, 2007.

                                              ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE